[Civ. No. 4899. Second Appellate District, Division Two.—March 16, 1928.]

M. PINCUS et al., Respondents, v. S. H. KRESS & COMPANY (a Corporation), Appellant.

M. D. Andrews for Appellant.

E. F. Gerecht and C. W. Hall for Respondents.

VALENTINE, J., *pro tem.*—This was an action for $2,750 for 2,200 boxes of prunes which it is stipulated were sold and delivered by plaintiff to defendant. Judgment was ren-

dered for plaintiff for the full amount and this appeal is from that judgment.

Appellant's contention is that plaintiff agreed to deliver to defendant, on board cars at Los Angeles, prunes which would be in good and merchantable condition on arrival and fit for retail sale in defendant's stores in Texas. Respondent contends that the order was f. o. b. Los Angeles, that it so delivered the prunes in good condition and that thereupon its liability ceased. The court found for respondent.

At the opening of the trial it was stipulated as follows:

"Mr. Gerecht: Shall we stipulate to some facts, in order to save time?

"Mr. Andrews: I think that would be about the wisest thing to do.

"Mr. Gerecht: This is an action for prunes sold to the defendant in Los Angeles, amounting to the sum of $2,750, which the defendant has received and failed to pay for. The price was agreed upon. That is correct, is it not, Mr. Andrews? There is no question as to price?

"Mr. Andrews: There is no question as to the price.

"Mr. Gerecht: And there is no question as to the shipping amount which they have purchased or which we are suing for?

"The Court: It is stipulated that there were 2,200 boxes of prunes purchased at the price of $1.25 per box?

"Mr. Gerecht: Yes, your Honor; that is five cents per pound.

"The Court: And delivered?

"Mr. Gerecht: And delivered.

"The Court: All right.

"Mr. Gerecht: And not paid for.

"The Court: All right. What is the defense?

"Mr. Gerecht: The defense is that the prunes, when they arrived in Texas, they were defective, and that they could not use them, and those that they have sold are returned, and that they had to pay back the money paid, and also the freight; and they come with their cross-complaint for $1,160, or something like that, damages.

Whereupon a witness was sworn by plaintiff, and after a few preliminary questions the following colloquy ensued:

"The Court: It seems to me, in view of the stipulations here, that probably the burden is upon the defense to proceed with their side of the case.

"Mr. Gerecht: That is correct, your Honor. We rest."

The defendant then, without objection, assumed the burden of proof and introduced its evidence, thus assenting to the statement of the court, concurred in by Mr. Gerecht. George C. Esker, manager of defendant's Broadway store in Los Angeles, a witness for the defendant, on cross-examination testified as follows:

"Q. But he saw prunes that you had received from the plaintiff, did he not?

"A. He saw the prunes we were selling there.

"Q. That you were selling, and you have purchased them from the plaintiff, at the rate of five cents per pound?

"A. Correct.

"Q. And he wanted them for the same price? Was that f. o. b. Los Angeles, or was it f. o. b. Houston, Texas.

"A. F. o. b. Los Angeles.

"Q. F. o. b. Los Angeles?

"A. Yes.

"Q. Your company was to pay the freight?

"A. Correct."

Appellant contends that the court erred in its decision referred to later that the delivery of the goods on board car at Los Angeles completed plaintiff's obligation. The court having found that the contract was to deliver the prunes f. o. b. Los Angeles, and that this was done, and delivery and nonpayment having been stipulated, we cannot disturb the findings on these two points, but the question raised by appellant of whether the plaintiff's liability then ceased merits consideration. ■ In the absence of any understanding between the parties to the contrary the contract to deliver f. o. b. Los Angeles meant that the price was to be paid or become due when the prunes were delivered on board the cars at Los Angeles. (*Blackwood* v. *Cutting Packing Co.*, 76 Cal. 212, at page 215 [9 Am. St. Rep. 199, 18 Pac. 248].)

There are qualifications of this interpretation of the meaning of f. o. b., and some conflict of authorities in other states, but a discussion of these decisions is unnecessary here, as we believe the above is the rule in this state appli-

cable to the case at bar, in view of the evidence and the stipulation that the prunes were delivered, so the only question remaining, which is the vital question on this appeal, is, whether there was any understanding between the parties which qualified or modified this rule. Appellant contends that the condition of the prunes upon arrival at defendant's retail stores in Texas was a condition precedent to defendant's obligation to pay anything therefor. Appellant contends that the court erred in not finding upon the material issue as to whether or not prunes fit for merchandising at retail in defendant's Texas stores were delivered by the plaintiff.

The court, in deciding this case, stated that his view of the situation was that the "guaranty" of the Los Angeles Nut House (the plaintiff) ended when they put these prunes on board the cars at Los Angeles. This view of the situation assumes that there was no understanding, such as contended for by appellant, as to the condition of the prunes when received by defendant. If there was any such understanding and the court had believed that it related to the condition of the prunes when delivered f. o. b. Los Angeles, the appellant was entitled to a finding as to their condition at that time.

The court found "That on or about the 29th day of August, 1921, plaintiff entered into an oral agreement with an agent of defendant in charge of its Texas stores, wherein plaintiff agreed to deliver to defendant on board cars at Los Angeles *prunes which would be in a good and merchantable condition and fit for retail sale in its stores in Texas.*" Assuming that the evidence justified this finding, and assuming that the court was justified in finding that the place of delivery was Los Angeles, the appellant was clearly entitled to a finding as to whether or not the prunes at the time of delivery were in "good and merchantable condition and fit for retail sale in its stores in Texas." There is no such finding. There is a negative finding that it is not true that any portion of the prunes shipped by plaintiff to defendant to the said Houston, Texas, store were unfit for human consumption or were filled with worms or maggots, at the time of their delivery under the contract.

There is also a finding that the prunes delivered on board the cars at Los Angeles were of the same class, quality and

grade of prunes which plaintiff had been delivering to said Los Angeles store of defendant.

But the court having found that the terms of the contract in this case entitled defendant to prunes which would be in a good and merchantable condition and fit for retail sale in its stores in Texas, appellant was entitled to a direct finding—and neither of the findings above mentioned meets the point—as to whether or not the prunes met these requirements when delivered, and whether the place of delivery was Los Angeles, or Houston, Texas.

We think appellant's contention is correct that in the absence of such finding the judgment is not supported by the findings, and we deem it unnecessary to discuss further the question of the place of delivery or other contentions of appellant.

The judgment is reversed.

Works, P. J., and Craig, J., concurred.